IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIC RUSH,                          )
                                    )
       Plaintiff,              )
                                    )
   v.                               )   Civil Action No. 17-939
                                    )
NANCY A. BERRYHILL,                 )
ACTING COMMISSIONER OF              )
SOCIAL SECURITY,                    )
                                    )
       Defendant.              )

O R D E R

AND NOW, this 6th day of September, 2018, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for Disability Insurance Benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401, et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it

would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)). See also Monsour Medical Center v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986).[1]

---

[1] Plaintiff's primary contention is that the Administrative Law Judge ("ALJ") erred in relying on the testimony of a vocational expert ("VE") that itself relied on the Dictionary of Occupational Titles ("DOT"), without also relying on more recent and accurate vocational data. The Court disagrees and find that the VE's testimony was sufficient to support the ALJ's finding that there were jobs in the national economy in significant numbers that Plaintiff could perform.

Plaintiff argues that two of the positions that the VE found that he could perform, addresser and document preparer, are antiquated and that newer vocational resources such as O*NET do not even include such jobs. While acknowledging that the regulations not only permit, but require, the ALJ to take notice of occupational data in the DOT, see 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1), Plaintiff argues that, given the suspect nature of these positions, the VE and the ALJ should have also referenced other "reliable job information available from various governmental and other publications," pursuant to the regulations. See id. at 404.1566(d), 416.966(d).

Plaintiff essentially, then, argues that the VE's testimony could not constitute substantial evidence as to which jobs Plaintiff could perform at Step Five of the sequential process, because the VE relied on the outdated information in the DOT, a resource that, according to Plaintiff, is not generally used by federal agencies other than the Social Security Administration ("SSA"). "The DOT is a vocational dictionary that lists and defines all jobs available in the national economy and specifies what qualifications are needed to perform each job." McHerrin v. Astrue, 2010 WL 3516433, at *3 (E.D. Pa. Aug. 31, 2010) (citing SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000)). As noted above, it is one of the sources of job information on which the SSA will rely in making disability determinations. In fact, the SSA relies "primarily" on the DOT in making such determinations. SSR 00-4p at *2. ALJs must actually ensure that the testimony of a VE is consistent with the DOT, or elicit a reasonable explanation for the conflict, to rely on that testimony. See id. There is little question, then, that the DOT is a central part of many, and probably most, social security adjudications.

Plaintiff does not dispute this, but suggests that due to the outdated nature of some of the information contained therein, the DOT, in situations such as this, cannot be solely relied upon in making a Step Five determination. Indeed, there are several courts that share Plaintiff's concern regarding just how current the DOT is. See, e.g., Alauria v. Colvin, 797 F.3d 503 (7th Cir. 2015). However, the courts in the Third Circuit that have addressed the matter have continued to find the DOT to be an appropriate source of occupational information and have declined to require ALJs and VEs to consult other sources in addition to the DOT. See DeVault v. Astrue, 2014 WL 3565972, at *6 (W.D. Pa. July 18, 2014); Coates v. Colvin, 2014 WL 4792199, at *4 (W.D. Pa. Sept. 24, 2014); Sanabria v. Comm'r of Soc. Sec., 2017 WL 436253, at *4 (D. N.J. Jan. 31, 2017). Accordingly, these courts have continued to permit the ALJ to accept VE testimony that is consistent with the DOT. Indeed, this Court agrees that, while an ALJ or a VE certainly can

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 10) is DENIED, and Defendant's Motion for Summary Judgment (document No. 12) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

reference other sources as well, the DOT remains an appropriate and acceptable source of occupational information.

However, the Court need not make any broad finding in this regard because, under the facts of this case, the ALJ was well justified in relying on the testimony of the VE that Plaintiff retained the residual functional capacity ("RFC") to perform the positions of document preparer (DOT 249.587-018), addresser (DOT 209.587-010), and telephone solicitor (DOT 299.357-014). First, no objection was raised to the use of the DOT at the administrative hearing, nor was there any challenge to the VE's competence to testify as to the number of jobs available in the national economy. Indeed, the record provides no evidentiary basis for questioning the VE's expert opinion at all. Moreover, the VE in this case specifically demonstrated that he was not beholden to the DOT. He indicated, in reviewing Plaintiff's past work, that he consulted a different resource, the Job Browser Pro, when he deemed information in the DOT to be insufficient on its own. (R. 75). He indicated that the nature of the telephone solicitor position has changed since the publication of the DOT, and made his findings based on his own experience with and observations of the position. (R. 78). Finally, he expressly relied on his own observations in addition to considering the DOT in considering the effects of a sit/stand option requirement. (R. 81). Under these circumstances, where the VE's use of the DOT was unchallenged at the hearing and where the VE clearly demonstrated that his opinion was not based solely on the DOT, the ALJ was permitted to accept the VE's testimony at Step Five, and that testimony constitutes substantial evidence as to the number of jobs Plaintiff could perform in the national economy based on his RFC.

Accordingly, for all of the reasons set forth herein, the Court finds no merit in Plaintiff's argument and finds, instead, that substantial evidence supports the ALJ's findings. Therefore, the Court affirms.